## White's Estate

The facts appear from the following extract from the adjudication of

SINKLER, J., Auditing Judge.—Jane Batt White died April 29, 1930, unmarried and without issue, leaving a will and codicil thereto, duly probated, whereby, after giving directions with regard to her burial and directing that her just debts and funeral expenses be paid, she gave to the Odd Fellows Cemetery Company of Philadelphia the sum of $500 for the perpetual care of Yeo and Batt lots in Mount Peace Cemetery, Philadelphia; by the third item of her will she gave to John L. Ball and Eva, his wife, their heirs and assigns, premises No. 5109 Wayne Avenue, Philadelphia, together with the furniture and furnishings therein not otherwise disposed of by her will, free of taxes, and expressed the "hope that they will feel repaid for their kindness and goodness to me;" by the fourth, fifth, sixth, seventh and eighth clauses of her will she gave the following legacies: To the Presbyterian Home for Aged Couples and Singlemen at Bala, Pa., the sum of $5000; to the Pennsylvania Institution for

Instruction of the Blind, formerly located at Twentieth and Race Streets, Philadelphia, and now located at Sixty-fourth Street and Malvern Avenue, Philadelphia, the sum of $2000; to the Samaritan Hospital of Philadelphia the sum of $2000; to the Salvation Army, Incorporated, of Philadelphia, the sum of $2000; and to the Third Reformed Presbyterian Church, located at Front Street above Ontario Street, Philadelphia, the sum of $3000. By the ninth item of her will she gave her automobile to Griffith D. Riggall. By the tenth item of her will she directed that the residue of her estate should be divided equally among the devisees and legatees named in clauses third, fourth, fifth, sixth, seventh and eighth of her last will and testament. . . .

· John L. Ball, one of the devisees and legatees named in the third clause of the will, died on June 18, 1931.

The question before me is whether the residuary estate is to be divided into six or seven parts. In behalf of the devisees named in paragraph three of the will, it is asked that the residuary estate be divided into seven parts, one-seventh to be paid to the executor of John L. Ball and another seventh to his wife, Eva Ball.

In behalf of the legatees named in paragraphs four to eight of the will, it is contended that the residuary estate be divided into six parts. Counsel for the Salvation Army, named in the seventh clause of the will, submits a brief in which it is contended that the devise to John L. Ball and Eva, being husband and wife, they take as tenants by the entireties; that there is but one estate which, in contemplation of law, is held by but one person since husband and wife are but one person in law, and that after the death of either the estate is held by the survivor. This contention is sound and is persuasive of the view that there was in effect but one devisee named in the third paragraph of the will, because husband and wife were in law but one person, and that but one estate is given. Another reason for this point of view is the fact that there is but one devise made by the third clause, that is, of the real estate involved. The situation is a different one, therefore, than if a pecuniary legacy had been given to John and another pecuniary legacy to Eva.

In construing the residuary clause of the will the testatrix intended, in my opinion, that the divisor is the number of clauses in the will to which the residuary estate is given, and not the number of persons or corporations contained therein. The third clause concludes, as recited, that the devise is made to John L. Ball and Eva, his wife, as testatrix's acknowledgment of the kindness and goodness that they had bestowed upon her. That moral obligation having been repaid, as the testatrix hoped, she intended that they should have no greater share of her residuary estate than the legatees named in her will and that that share in the residuary estate should be the same estate as that given by clause third of the will, that is, a single estate, as tenants by the entireties. The intention of the testatrix, in my judgment, was, therefore, that the residuary estate be divided into six and not seven parts.

In behalf of John L. Ball and Eva, his wife, counsel contends that the expression "among the devisees and legatees named" plainly indicates that the testatrix intended the division should be into seven parts. No decisions of this state are to be found in favor of either contention before me, but counsel for John L. Ball and Eva, his wife, refer me to Marshall's Exec'rs v. Hadley et al., 50 N. J. Eq. 547, where the facts are not essentially different from the present case. Even were this decision an authority to be followed by this court, we find a distinction. The devise and bequest of the residuary estate is to the "*several* legatees and devisees *hereinbefore* named." "Several" is defined by Webster as

"each particular or a small number singly taken." We might define it as "each and every devisee and legatee named in the clause specified."

*Raymond M. Remick*, for exceptants.

*Barnes, Biddle & Myers* and *Woolsey, Phillips & Phillips*, contra.

HENDERSON, J., April 4, 1932.—By the third item of her will the testatrix provided as follows:

"Third: I give, devise and bequeath unto John L. Ball and Eva, his wife, their Heirs and Assigns, the house and lot known as No. 5109 Wayne Avenue, Philadelphia, and the furniture and furnishings therein not otherwise devised in this my last Will and Testament, free and clear of all Federal and State Inheritance Taxes and charges and hope that they will feel repaid for their kindness and goodness to me."

This property for inheritance tax purposes was appraised at $7500.

By the next five items testatrix gave pecuniary bequests to five charitable institutions of $5000, $2000, $2000, $2000 and $3000, respectively. It is thus seen that the devisees Ball and his wife were the favored objects of her bounty. By the tenth item she further directed:

"Tenth: All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate, I direct shall be divided equally among the devisees and legatees named in Clauses Third, Fourth, Fifth, Sixth, Seventh and Eighth of this my last Will and Testament."

The auditing judge regarded Ball and his wife as one and awarded the residuary estate in six parts; the Balls have excepted and contend that it should have been divided into sevenths, two of which should have been awarded to them.

We agree with the exceptants that each of the Balls was within the plain language of the residuary item and each is entitled to a one-seventh and will briefly state our reasons for this conclusion.

The residuary clause gives the residue "equally among the devisees and legatees named in Clauses Third, Fourth, Fifth, Sixth, Seventh and Eighth of this my last Will and Testament." John L. Ball and Eva, his wife, are both named in the third clause; they are devisees—it should be observed that this word "devisees" is used in the plural, and, what is more, they are the only devisees named in the will; and this word in the plural applies solely to these two. Furthermore, they are legatees of the furnishings as well. They are the largest devisees and legatees and are further preferred in that their specific devise and legacy are to be tax free.

Some convincing reason must be shown to deprive each of them of a share of the residue when they are so plainly within its terms. It is argued that they take their estates by entireties, hence there is but one devise and one legacy to them. While this is true, undoubtedly each of them is a devisee and each is a legatee. It would not be proper to say they—both together—"is a tenant by entireties;" they are tenants by entireties. With some reason it could be argued that as they are both devisees and legatees they should have four shares.

Furthermore, it should be pointed out that the gifts are for "kindness and goodness," and by no stretch of the imagination could these good deeds have been performed by the "entireties." The plural—devisees—applies to these two and has—as a plural—no meaning unless so applied.

No authority has been found in Pennsylvania, but a closely similar case was before the Court of Chancery of New Jersey, in Marshall's Exec'rs *v.* Hadley, 50 N. J. Eq. 547, 25 Atl. Rep. 325, wherein one of the questions before the court

was: "Among whom did the testator mean his residuary estate should be divided?"

The gift of the residue was in language closely similar to that in the instant case and is as follows:

"All the rest and residue of my estate, both real and personal, wheresoever situate, I give, devise and bequeath to the several legatees and devisees hereinbefore named, to be divided between them equally, share and share alike."

The main difference was in the use of the word "several" before legatees and devisees.

Eighteen different persons had been named as legatees or devisees, either primarily, secondarily or contingently, and among others a man and/or wife.

The court described the nature and method by which these eighteen persons were named:

"To fourteen a direct gift is made either of a certain sum of mony, or of the income of a certain sum, or of a specific chattel. The gift to each is unconditional and absolute; thus making them primary legatees, with definite and fixed rights. The gifts of specific sums range in amount from $20,000 to $250. The fifteenth of the eighteen is Eliza Marshall, and the gift to her is made in this form: $5000 is directed to be invested, and its income paid to her husband, Garret Marshall, during his life; and then the will says: 'And in case Garret dies before his wife, Eliza, the said income shall be paid to her by my executors so long as she shall live.' The sixteenth and seventeenth are Florence Ball and Belle Ball. They are contingent devisees of a house and lot, which the testator devised to his widow for her life, with remainder in fee to Freddie Ball, provided he survives the widow; but in case he does not survive the widow, the house and lot are then devised to either Florence or Belle, in these words: 'Should said Freddie die before my wife, the premises shall go, at my wife's death, to Florence Ball and her heirs, forever; and, in the event of the death of both Freddie and Florence before the death of my wife, the said premises shall go, at my wife's death, to Belle Ball and her heirs, forever.' The last of the eighteen persons is Caroline Buckland, to whom, it will be remembered, the testator, by the devise already considered, attempted to give the remainder in fee of a house and lot in Lacon, Ill., which it is evident from the language of the devise he supposed he owned."

It should be stated that in New Jersey a devise to man and wife creates an estate by entireties, just as in Pennsylvania: Thomas v. De Baum, 14 N. J. Eq. 37.

In reaching the conclusion that each of the eighteen was entitled to share in the residue, the court said:

"Each of the eighteen persons, already referred to, has been named, in the preceding parts of the will, as a legatee or devisee, either primarily, secondarily, or contingently; so that they all come, directly and indisputably, within the unquestionable meaning of the words describing the persons whom the testator meant should take the residue of his estate. The phrase, 'the several legatees and devisees hereinbefore named,' understood in its ordinary and grammatical sense, embraces undeniably all who had before been named, whether they were named as unconditional legatees or devisees or only as possible or contingent legatees or devisees. The words 'hereinbefore named' constitute an essential and vital part of the description of the persons to whom the testator intended to give his residuary estate, and so long as they stand the court must give them full effect. . . ."

In our judgment, the lack of the word "several" in the instant will is not sufficient to differentiate the cases.

The number of clauses in which the legatees and devisees are named can afford no criterion of the number of beneficiaries—the testator has given the residue "equally among the devisees and legatees" named in the clauses in question, and we conclude her plain language must be followed.

The exceptions are sustained and the residue will be divided in accordance with this opinion.

VAN DUSEN, J., did not sit.